**Michael E. Farnell, OSB No. 922996**
E-mail:  mfarnell@pfglaw.com
**Jason M. Gauss, OSB No. 192083**
E-mail:  jgauss@pfglaw.com
PARSONS FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, Oregon 97205
Telephone:  (503) 222-1812
Facsimile:  (503) 274-7979

*Attorneys for Plaintiff J.T. Wimsatt*
*Contracting Company, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| J.T. WIMSATT CONTRACTING COMPANY, INC., a California corporation,<br><br>                         Plaintiff,<br><br>    v.<br><br>GREENWICH INSURANCE COMPANY**,** a Delaware corporation,<br><br>                        Defendant. | Case No.  3:21-cv-00182-SB<br><br>**PLAINTIFF J.T. WIMSATT CONTRACTING COMPANY, INC'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

       Plaintiff J.T. Wimsatt Contracting Company, Inc. ("JTW") files this Complaint against

Defendant Greenwich Insurance Company ("Greenwich") and alleges as follows:

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

## NATURE OF ACTION

1.      This is an insurance coverage dispute seeking damages for breach of contract and declaratory relief pursuant to 28 U.S.C. § 2201.  Specifically, Greenwich breached its duty to defend JTW with respect to the claims brought by M.A. Mortenson Company ("Mortenson").

2.      JTW was a subcontractor to general contractor Mortenson on the Nike World HQ Expansion Project – Phase 1 Building 6 located in Beaverton, Oregon (the "Project").

3.      Mortenson initiated arbitration proceedings against JTW by filing its Demand for Arbitration with the American Arbitration Association in the action entitled *M.A. Mortenson Company v. JT Wimsatt Contracting Co., Inc., et al.*, AAA Case No. 01-19-0002-7357 (the "Arbitration").  A true and correct copy of the Demand for Arbitration is attached as Exhibit A.

4.      JTW is an enrolled Subcontractor in an Owner Controlled Insurance Program (OCIP) that provides general liability coverage for the Project.  As part of the OCIP, Greenwich issued primary policy GDR7443171, which provides coverage from January 9, 2015 through January 9, 2019 (the "Policy").  By virtue of an Extended Completed Operations endorsement, the Policy extends coverage provided under the products-completed operations hazard for a period of ten (10) years after the Project's completion date.

5.      JTW tendered its defense in the Arbitration to Greenwich under the Policy, but Greenwich refused the tender.

6.      Greenwich's wrongful denial has forced JTW to defend itself in the Arbitration and to bring this lawsuit for breach of contract and declaratory relief.

7.      Greenwich breached the Policy by declining to defend JTW in the Arbitration. Further, JTW seeks a declaration that Greenwich has an ongoing duty to defend JTW in the

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

Arbitration for so long as a defense is necessary.  Finally, because JTW has been put to the expense of litigating Greenwich's breach, JTW is entitled to recover its attorney's fees pursuant to ORS 742.061.

## PARTIES

8.     Plaintiff JTW is a California corporation with its principal place of business in Valencia, California.  Accordingly, JTW is a citizen of California for purposes of jurisdiction under 28 U.S.C. Section 1332.

9.     Defendant Greenwich is a foreign insurance company organized under the laws of the State of Delaware with its principal place of business and center of operations in Stamford, Connecticut.  At all material times herein Greenwich was a foreign insurance corporation authorized to transact business in the State of Oregon.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction of this matter under 28 U.S.C. Section 1332(a) because the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     Venue is appropriate in this Court under 28 U.S.C. Section 1391(b) and local court rules because a substantial portion of the events or omissions giving rise to this lawsuit occurred in Washington County, Oregon, where the insured Project is located and the underlying loss is alleged to have occurred.

## FACTUAL BACKGROUND

A.     **The Arbitration**

12.     Mortenson filed a Detailed Statement of Claim ("SOC") in the Arbitration, a true and correct copy of which is attached hereto as Exhibit B.

Page 3 - **PLAINTIFF J.T. WIMSATT CONTRACTING COMPANY, INC'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT**

13.    According to the SOC, the Arbitration arises out of construction of the Project. The Project involved the construction of a combined parking garage with office space and new state-of-the-art research and testing facilities for Nike, Inc. ("Nike").

14.    In July of 2017, Mortenson entered into a contract ("Prime Contract") with Nike to serve as the general contractor for construction of the Project.

15.    In connection with the Prime Contract, Mortenson and JTW entered into a subcontract agreement (the "Subcontract") with an effective date of June 20, 2017, in the original amount of $27,000,000 for performance of certain concrete work on the Project.

16.    On December 28, 2017, in connection with the Subcontract and Project, Berkley Insurance Company ("Berkley"), as surety, and JTW, as principal, posted unto Mortenson, as obligee, a Payment Bond (Bond No. 0209731) and Performance Bond (Bond No. 0209731) (collectively, "Bonds") with a penal sum of $27,000,000 that later increased to $27,463,142.70 after certain modifications to the Subcontract via change order.

17.    The Arbitration centers around allegations that JTW's purported performance failures on the Project resulted in substantial damages to Mortenson, including but not limited to significant costs to repair and remediate allegedly defective and damaged building components, increased Project costs associated with delays and extra work claims from other subcontractors and follow-on trades, additional design and engineering costs, costs to clean up and demobilize equipment, additional payments to suppliers, and liquidated damages owed to Nike.

18.    As a result of JTW's alleged performance failures, Mortenson notified JTW in early 2019 that JTW was in default under the terms of the Subcontract.  Mortenson, shortly thereafter, terminated JTW for default and called upon the Bonds issued by Berkley.

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

19.     Mortenson alleges that, on or about June 19, 2019, it entered into a takeover agreement with Berkley whereby Berkley would use JTW to complete the work under the Subcontract and address the allegedly defective work and resulting damage ("Takeover Agreement").

20.     By August 2019, Berkley, through completion contractor JTW, completed the scope of work, demobilized and prepared to perform repair work upon notice and identification of work requiring repair.

21.     Mortenson alleges that neither Berkley nor JTW made the necessary repairs or resolved the delays with the work.  By August 2019, Mortenson effectively terminated the Takeover Agreement with Berkley, either performing repairs itself or directly retaining JTW's subcontractor(s) to perform such repairs.  Mortenson refused to allow JTW to perform any further repair work on the Project and initiated the Arbitration.

22.     Mortensen alleges that JTW's defective work and performance failures caused certain damage to property that resulted in significant repair costs.  The allegations do not specify when certain property damage occurred.

23.     Mortenson further alleges that JTW's defective work deprived Mortenson, other contractors and subcontractors, and Nike of the use of the Project.  Mortenson's claimed damages include additional amounts necessarily paid to subcontractors and follow-on trades for their delayed access to the Project, overtime, resequencing and additional costs caused by the subcontractor's inability to perform their work due to JTW's faulty work and resulting damage.  Mortenson further seeks damages for the delay in delivering the Project to Nike on time.

**Page 5 - PLAINTIFF J.T. WIMSATT CONTRACTING COMPANY, INC'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT**

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

24.     The Arbitration remains ongoing and is currently scheduled for a hearing to begin May 17, 2021.

**B.      The Policy Issued by Greenwich**

25.     The Policy is a project-specific commercial general liability policy,  which was initially in effect from January 9, 2015 to January 9, 2019. By endorsement, the policy period was extended to November 15, 2020.

26.     Nike is the first named insured according to the Declarations of the Policy.

27.     JTW is also a named insured under the Policy, pursuant to the Owner Controlled Insurance Program – Named Insured Amendment endorsement.

28.     The Policy contains a Limitation of Coverage to Specific Project endorsement (Endorsement #020) stating that coverage is limited to the "Specified Project," which is "The NIKE WHQ Expansion project, Phase Zero, including the work on campus bounded by SW Walker Road to the North, SW Murray Road to the East, SW Jenkins Road to the South and SW 158th Avenue to the West."  The Specified Project is further defined to include:

> Any construction activities that are described or referenced in the contract documents as part of or incidental to the project described above.  The "specified project" shall include the work site(s) associated with such "specified project", any staging, storage, or parking area(s) and any other similar areas dedicated to the "specified project" that are under the control of the First Named Insured.
>
> "Specified Project(s)" also includes all construction activities that are associated with the project(s) endorsed on to this policy via the Additional Specified Projects endorsement – XIL 830.

29.     The Policy was amended by endorsement to add the Project (i.e., Phase 1 Building 6) as a "Specified Project."

**Page 6 - PLAINTIFF J.T. WIMSATT CONTRACTING COMPANY, INC'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT**

30.    The Policy provides liability coverage up to limits of $2,000,000 per occurrence, $4,000,000 general aggregate (other than product-completed operations), and $4,000,000 products-completed operations aggregate.

31.    The Policy contains the following Insuring Agreement:

1.    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

        **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements Under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

   **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

   **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

32.    The Policy provides the following definitions which are relevant to the Insuring

Agreement:

   **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

[*    *    *]

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. *    *    *

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    a.  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

33.    The Policy contains Endorsement #13, which provides in relevant part that:

The following is added to Paragraph 1. Insuring Agreement under COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY of SECTION 1 – COVERAGE.

Subject to all terms and conditions of the policy but most particularly Section 1. 2. Exclusions, a. Expected of Intended Injury, j. Damage to Property, k. Damage To Your Product and l. Damage To Your Work, *"property damage" resulting from faulty workmanship shall be deemed to be caused by an "occurrence."* (emphasis added)

34.    JTW reserves the right to assert any other Policy language that may be potentially

applicable to its claims and the claims asserted in the Arbitration.

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

**C.    Tender to Greenwich and its Improper Denial**

35.    On October 24, 2019, JTW tendered a claim for defense and indemnity of the Arbitration to Greenwich under the Policy.

36.    By letter dated December 20, 2019, Greenwich denied JTW's claim for defense and indemnity.  In support of its denial, Greenwich took the position that the Arbitration Demand did not allege "property damage" caused by an "occurrence," as defined in the Policy, and also cited a number of exclusions in the Policy.

37.    By letter dated November 9, 2020, JTW responded to Greenwich's denial, rebutted the bases for Greenwich's refusal to defend JTW in the Arbitration, and requested reconsideration based on the allegations set forth in the SOC.

38.    By letter dated December 14, 2020, Greenwich informed JTW that Greenwich's coverage position remained unchanged and reasserted its refusal to defend JTW.  Greenwich determined that the allegations in the SOC did not give rise to any defense obligation to JTW under the Policy for reasons similar to those in its December 20, 2019 denial.

39.    JTW complied with and satisfied all conditions precedent to coverage, if any, except any that were excused, in the Greenwich Policy.

40.    Greenwich wrongfully denied JTW's claim for a defense in the Arbitration in December 2019, and wrongfully continues to refuse to provide a defense to JTW.

41.    There is an actual and justiciable controversy as to whether the Arbitration and allegations in the SOC trigger Greenwich's duty to defend JTW.

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

## FIRST CAUSE OF ACTION

### (Breach of Contract)

42.     JTW reasserts and incorporates by reference the allegations in paragraphs 1-41 as though set forth fully herein.

43.     The Policy constitutes a valid and enforceable contract between JTW and Greenwich.  The Policy states that Greenwich has a duty to defend any "suit" seeking damages to which coverage applies.  JTW has satisfied all conditions precedent under the Policy, or any conditions have been excused or waived as a result of Greenwich's material breach.

44.     JTW tendered an insurance claim to Greenwich requesting that Greenwich provide coverage as required under the Policy.  Greenwich refused to honor the Policy and improperly denied coverage.

45.     Greenwich has breached the terms of the Policy by failing to provide and pay for JTW's defense in the Arbitration.

46.     As a result of Greenwich's breach of the duty to defend, JTW has sustained damages by, among other things, having to fund its own defense.   JTW has incurred and will continue to incur attorney fees and costs to defend itself in the Arbitration.

47.     As a result of Greenwich's beach of the duty to defend, JTW has been damaged in an amount to be proven at the time of trial, but in no event less than $75,000.

48.     Greenwich is responsible for damages, interest, and costs caused by its breach of contract, including, without limitation, attorney's fees and costs expended by JTW to defend itself in the Arbitration.

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

49.     JTW is entitled to recover its attorney fees in this lawsuit pursuant to ORS 742.061.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment)

50.     JTW reasserts and incorporates by reference the allegations in paragraphs 1-49 as though set forth fully herein.

51.     The Policy provides coverage to JTW for the claims asserted against it in the Arbitration.

52.     Further, the Policy and applicable law require Greenwich to provide a defense to JTW in the Arbitration because the allegations in the SOC trigger Greenwich's defense obligation.  This obligation continues until the completion of the Arbitration.

53.     An actual and justiciable controversy exists between JTW and Greenwich as required by 28 U.S.C. § 2201(a) as to whether the Policy obligates Greenwich to defend JTW against the claims asserted in the Arbitration.  Declaratory relief is appropriate and necessary at this time so that the parties may ascertain their respective rights, obligations, duties, and liabilities under the Policy in connection with the Arbitration.

54.     JTW seeks a judicial determination and declaration that Greenwich had and continues to have a duty to defend JTW in the Arbitration.

55.     JTW is entitled to recover its attorney fees pursuant to ORS 742.061.

## JURY DEMAND

56.     JTW demands a jury trial on all issues so triable.

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff J.T. Wimsatt Contracting Company, Inc., having alleged the

foregoing, respectfully requests that this Court:

    a.  Enter a judgment in favor of JTW and against Greenwich on JTW's First

Cause of Action;

    b.  Declare under 28 U.S.C. § 2201 that Greenwich had and continues to have

a duty to defend JTW in the Arbitration;

    c.  Award damages, costs, interest, and other relief based on Greenwich's

breach of contract;

    d.  Award attorney's fees, costs and disbursements incurred in this lawsuit

pursuant to ORS 742.061;

    e.  Award pre- and post-judgment interest at the maximum permissible rate at

law or in equity; and

    f.  Grant JTW such other and further relief as this Court deems just and

equitable.

DATED this 18th day of February, 2021

           Respectfully submitted,

           PARSONS FARNELL & GREIN, LLP


           By:  s/Michael E. Farnell
               **Michael E. Farnell, OSB No. 922996**
               **Jason M. Gauss, OSB No. 192083**
               Telephone: (503) 222-1812
               *Of Attorneys for Plaintiff J.T. Wimsatt*
               *Contracting Company, Inc.*


**Page 13 - PLAINTIFF J.T. WIMSATT CONTRACTING
COMPANY, INC'S FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND BREACH OF CONTRACT**

PARSONS FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979